UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GREAT LAKES MANUFACTURING, INC.,

    Plaintiff,

v.                                           Case No. 17-C-1421

LONDERVILLE STEEL ENTERPRISES, INC.,

    Defendant.

---

## DECISION AND ORDER

---

Plaintiff Great Lakes Manufacturing, Inc., filed this action in October 2017 alleging that Defendant Londerville Steel Enterprises, Inc., infringed U.S. Patent Nos. 6,209,942 and 6,468,008 (the "'942 patent" and "'008 patent"). ECF No. 1. Londerville filed an answer and counterclaim in January 2018. ECF No. 6. Count I in the counterclaim alleges that, prior to filing this action, Great Lakes sent Londerville a notice-of-infringement letter that failed to comply with Wisconsin's Patent Notification Act, Wis. Stat. § 100.197 (2015–16). ECF No. 6 ¶¶ 27–33. Londerville alleges that Great Lakes' letter failed to articulate in sufficient detail how each asserted patent claim is infringed by any Londerville product. This matter comes before the court on Great Lakes' motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to Count I of the counterclaim. ECF No 9. Great Lakes contends that Count I is preempted by federal law or, in the alternative, fails to state a claim for which relief can be granted because it is clear from the pleadings and documents incorporated by reference therein that Great Lakes' notice-of-infringement letter complied with the statute. Though the preemption grounds for dismissal asserted by Great Lakes appears to have merit, I find it unnecessary to reach that issue. Instead, I conclude that the letter

sent by Great Lakes' attorney to Londerville complies with the Wisconsin's Patent Notification Act and Londerville's counterclaim therefore fails to state a claim on which relief can be granted. The motion for judgment on the pleading will therefore be granted as to Count I of Londerville's counterclaim.

**BACKGROUND**

Both patents at issue in this case involve apparatuses for constraining logs on trucks and trailers. ECF Nos. 1-2, 1-1. The counterclaim alleges that on February 6, 2017, Great Lakes sent Londerville a letter regarding four patents, including the '942 patent and the '008 patent. ECF No. 6 ¶ 8. In the letter, Great Lakes informed Londerville that its sale of two products—"Londerville Aluminum Log Stakes" and "Seemless Stake Pocket(s)"—infringed at least claims 1–2 of the '942 patent and claims 6–7 of the '008 patent. *Id.* ¶ 9; *see also* ECF No. 11-3 at 1–2. Although Great Lakes' letter included as attachments copies of the four patents that Londerville allegedly infringed, the counterclaim alleges that the letter did not set forth in detail Great Lakes' theory of infringement for each of Londerville's allegedly infringing products. ECF No. 6 ¶¶ 11–12.

According to the counterclaim, Londerville sent Great Lakes a responsive letter on February 23, 2017. *Id.* ¶ 13; *see also* ECF No. 11-4. The letter informed Great Lakes of Londerville's opinion that the February 6 letter failed to meet the requirements of Wis. Stat. § 100.197. ECF No. 6 ¶ 13. In particular, Londerville believed the February 6 letter was deficient because it claimed that Londerville induced a third-party to infringe Great Lakes' patents but nevertheless failed to identify any direct infringer. *Id.* ¶ 14. As required by Wis. Stat. § 100.197, Londerville gave Great Lakes 30 days to correct the alleged deficiencies in the notice letter. ECF No. 6 ¶ 14. Great Lakes responded on March 14, 2017, with a letter explaining its belief that its February 6 letter complied

2

with Wis. Stat. § 100.197. ECF No. 6 ¶¶ 15–16. Londerville responded quickly with a letter on March 16, 2017, articulating its position that none of its products infringed the patents cited in Great Lakes' February 6 letter and reiterating its request that Great Lakes cure the alleged Wis. Stat. § 100.197 deficiencies. ECF No. 6 ¶¶ 17–18. Great Lakes made no apparent attempt to cure the alleged deficiencies and on March 21, 2017, sent Londerville another letter withdrawing its patent infringement notification. *Id.* ¶¶ 19–21.

After March 21, additional correspondence continued between Great Lakes and Londerville until Great Lakes filed its complaint on October 17, 2017. *Id.* ¶ 22; *see also* ECF No. 1. Londerville filed its answer and counterclaim on January 16, 2018, and Great Lakes in turn filed its answer and its motion for judgment on the pleadings as to Count I of the counterclaim on February 6, 2018. ECF Nos. 6, 9, 12. The motion for judgment on the pleadings is now fully briefed and ready for decision.

**LEGAL STANDARD**

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014) (citing *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007)). "To survive a motion for judgment on the pleadings, a complaint must 'state a claim to relief that is plausible on its face.'" *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 357–58 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the court must "draw all reasonable inferences and facts in favor of the nonmovant," the court "need not accept as true any legal assertions or recital of the elements of a cause of action 'supported by mere conclusory statements.'" *Vesely v. Armslist*

*LLC*, 762 F.3d 661, 664–65 (7th Cir. 2014) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)). As when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court resolving a motion for judgment on the pleadings may consider documents incorporated into the pleadings by reference. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) (per curiam) (first citing *Goldman v. Belden*, 754 F.2d 1059, 1065–66 (2d Cir. 1985); then citing Fed. R. Civ. P. 10(c)).

## ANALYSIS

In 2013, Wisconsin enacted Wis. Stat. § 100.197, entitled "Patent Notifications," apparently in response to a series of demand letters sent out by so-called "patent trolls" to small businesses across the country threatening frivolous patent litigation unless the businesses signed licensing agreements requiring substantial payments. *See generally* Paul R. Gugliuzza, *Patent Trolls And Preemption*, 101 VA. L. REV. 1579 (2015). Effective April 25, 2014, § 100.197 applies to "patent notifications," meaning any "letter, e-mail, or other written communication attempting in any manner to enforce or assert rights in connection with a patent or pending patent." Wis. Stat. § 100.197(1)(a). The statute requires that a patent notification contain the following information related to the patent and the rights asserted related to it:

1. The number of each patent or patent application that is the subject of the patent notification.

2. A physical or electronic copy of each patent or pending patent.

3. The name and physical address of the owner of each patent or pending patent and all other persons having a right to enforce the patent or pending patent.

4. An identification of each claim of each patent or pending patent being asserted and the target's product, service, process, or technology to which that claim relates.

4

5.  Factual allegations and an analysis setting forth in detail the person's theory of each claim identified under subd. 4., if any, and how that claim relates to the target's product, service, process, or technology.

6.  An identification of each pending or completed court or administrative proceeding, including any proceeding before the U.S. patent and trademark office, concerning each patent or pending patent.

*Id.* § 100.197(2)(a)1.–6. The statute provides that if a patent notification does not comply with the statute and the patent owner does not properly correct the notification within 30 days of receiving notice of its deficiencies, the recipient of the patent notification may initiate a lawsuit against the patent owner. *Id.* § 100.197(3)(b).

Great Lakes offers two arguments in support of its motion for judgment on the pleadings with regard to Londerville's Wis. Stat. § 100.197 claim. First, Great Lakes argues that § 100.197 is preempted by federal law. Specifically, Great Lakes contends that federal law prohibits state law from limiting a patent holder's ability to communicate regarding alleged patent infringement unless the communication is made in bad faith. Second, Great Lakes asserts that, even if § 100.197 is not preempted, Londerville has failed to state a claim for relief. The court concludes that Count I of Londerville's counterclaim fails to state a claim for relief because Great Lakes' letter satisfied the requirements of § 100.197. Although the parties focus much of their argument in the briefing on the preemption issue, the court need not reach that issue placing the validity of a state statute into question under federal law. *See Smart v. Local 702 Int'l Brotherhood of Elec. Workers*, 562 F.3d 798, 809 n.12 (7th Cir. 2009) ("[W]e need not reach the question of preemption because the claims fail as a matter of [state] law on grounds unrelated to the [collective bargaining agreement implicating the National Labor Relations Act].").

A review of the February 6, 2017 letter to Londerville from Great Lakes' attorney indicates that it contains everything required by § 100.197(2)(a). To comply with subdivision 1., the letter conveys the numbers of four patents: U.S. Patent No. 6,209,942; No. 6,468,008; No. 6,572,314; and No. 6,722,828. ECF No. 11-3 at 1. The letter states that "[c]opies of these patents are attached," satisfying subdivision 2. *Id.* Still within its first paragraph, the letter then satisfies subdivision 3. by providing the full name (Great Lakes Manufacturing, Inc.) of the patents' owner, as well as Great Lakes' physical address at 8450 County Highway R in Suring, Wisconsin. *Id.* Next, the letter's fourth paragraph satisfies the requirements of subdivision 4. by identifying two of Londerville's products—"Londerville Aluminum Log Stakes" and "Seemless Stake Pocket(s)"—and then identifying particular claims from three of the named patents that Great Lakes believed Londerville was infringing. *Id.* at 2. Included is a description of several features of Londerville's products that mirrors the language of the claims Londerville is accused of infringing. Considering the fourth paragraph in conjunction with the third also shows that the letter satisfies subdivision 5. *Id.* at 1–2. Together, those paragraphs provide Great Lakes' explanation of its understanding of how Londerville's products work, followed by the manner in which Great Lakes suspects those products operate to infringe particular claims within three of Great Lakes' patents. *Id.* Finally, Londerville makes no claim that Great Lakes failed to disclose any pending proceeding before a court, the U.S. Patent and Trademark Office, or any other administrative body, and thus Great Lakes' failure to disclose any could hardly be considered noncompliance with subdivision 6.

Londerville's arguments both in response to the letter itself and in response to Great Lakes motion for judgment on the pleadings focus on the amount of detail in the letter, which Londerville contends failed to provide sufficient detail to satisfy subdivision 4. In responding to Great Lakes'

6

letter, Londerville requested that Great Lakes within 30 days (1) identify each patent claim for which it was asserting infringement; (2) provide "the specific sub-section of 35 U.S.C. § 271 (a, b, c, etc.) under which Great Lakes [was] asserting infringement"; (3) identify each of Londerville's products for which it was asserting infringement; (4) provide a "detailed analysis specifying how each of the products . . . identified . . . includes each of the particular elements and limitations of the claims identified"; and (5) identify the underlying direct infringers to the extent Great Lakes was alleging inducement under 35 U.S.C. § 271(b) or (c). ECF No. 11-4 at 1–2. As the discussion above shows, however, Great Lakes' original letter clearly identified the patents it owned, identified Londerville's allegedly infringing products, and provided a detailed explanation of Great Lakes' theory of infringement, meaning Great Lakes had already adequately provided the information in Londerville's first, third, and fourth requests. As for Londerville's second request, nothing in the plain language of Wis. Stat. § 100.197 requires the patent owner to identify the particular subsections of 35 U.S.C. § 271 under which it asserts infringement, so the absence of any reference to the federal statute did not render Great Lakes' letter inadequate under Wis. Stat. § 100.197.

In opposition to Great Lakes' motion, Londerville continues to press its final assertion: that Great Lakes' letter lacked sufficient detail because it alleged that Londerville was inducing infringement by others without identifying who those other direct infringers were. Londerville notes that the Supreme Court recently held in *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, that a defendant may not "be liable for inducing infringement of a patent under 35 U.S.C. § 271(b) when no one has directly infringed the patent under § 271(a) or any other statutory provision." 134 S. Ct. 2111, 2115 (2014). Based on *Limelight Networks*, Londerville argues, "to provide proper notice of infringement based upon inducement under Wis. Stat. § 100.197(2)(a)(5), the party providing

notice must identify the alleged direct infringer." ECF No. 19 at 7. This argument fails, however, for the same reason as Londerville's request that Great Lakes identify specific subsections of 35 U.S.C. § 271: nothing in the plain language of Wis. Stat. § 100.197 imposes a requirement that notification letters identify underlying direct infringers. Indeed, as Great Lakes' letter implicitly explains, under its inducement theory, identifying underlying direct infringers would be difficult, if not impossible, because those direct infringers would be Londerville's customers, who presumably do not publicize their use of the allegedly infringing products in the manner that Londerville publicizes the sale of them.

## CONCLUSION

For the reasons stated above, Great Lakes' motion for judgment on the pleadings (ECF No. 9) regarding Count I of Londerville's counterclaim is **GRANTED**.

**SO ORDERED** this 15th day of May, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court