UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREAT LAKES MANUFACTURING, INC.,

    Plaintiff,

v.                                                          Case No. 17-C-1421

LONDERVILLE STEEL ENTERPRISES, INC.,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS

Plaintiff Great Lakes Manufacturing, Inc. (GLM) filed this lawsuit on October 17, 2017, claiming that Defendant Londerville Steel Enterprises, Inc. (Londerville) infringed patents belonging to GLM. In its response, Londerville filed counterclaims seeking a declaratory judgment that Londerville did not infringe the patents-in-suit and/or that the patents-in-suit are invalid. This matter is before the court on GLM's motion pursuant to Federal Rules of Civil Procedure 41(a)(2) and 12(c) to dismiss its claims against Londerville with prejudice because the covenant not to sue offered by GLM extinguished any case or controversy between the parties and consequently eliminated this court's subject matter jurisdiction to hear Londerville's declaratory judgment counterclaim. ECF No. 53. For the reasons that follow, GLM's motion will be granted.

## BACKGROUND

On October 17, 2017, GLM filed this lawsuit against Londerville alleging that Londerville infringed U.S. Patent Nos. 6,209,942 and 6,468,008, the patents-in-suit. Londerville filed counterclaims seeking a declaratory judgment on non-infringement and/or invalidity of the patents-in-suit. GLM later filed an amended complaint that added two defendants, both of whom are

Londerville customers and both of whom consented to judgment in favor of GLM. ECF Nos. 41, 50. Their consent judgments apply "until the date upon which the Patents-In-Suit expire or every claim is declared invalid or unenforceable by a decision of a court or other government agency of competent jurisdiction." *Id*.

Having concluded that "the total amount of damages due to Londerville's alleged infringement is substantially less than the costs of continuing with this litigation," combined with the fact that the "patents-in-suit will expire in 2019," GLM sought to settle the case with Londerville. Pl.'s Mot. to Dismiss at 2, ECF No. 53. After attempts at settlement bore no fruit, GLM filed its motion to dismiss the case with prejudice on October 19, 2018. In conjunction with its motion, GLM proffered the following covenant not to sue: "GLM now hereby covenants that it will not assert any claim of U.S. Patent Nos. 6,209,942 and 6,468,008"—the patents-in-suit—"against Londerville Steel Enterprises, Inc., based on past or future infringement by any existing or future product made, used, sold, offered for sale, or imported by Londerville." *Id*. at 3–4.

## ANALYSIS

Pursuant to Rule 41, "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). Where a defendant has pleaded a counterclaim prior to a plaintiff's motion to dismiss, however, "the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* Here, GLM argues that Londerville's counterclaim cannot remain pending for independent adjudication because the covenant not to sue eliminated any controversy between the parties, depriving this court of subject matter jurisdiction.

2

In accordance with Article III of the Constitution, the Declaratory Judgment Act requires the existence of an actual controversy between the parties before a federal court can constitutionally assume jurisdiction. *See* 28 U.S.C. § 2201(a). "Subject matter jurisdiction in declaratory judgment actions exists when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1316 (Fed. Cir. 2011) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). "The purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Micron Tech. Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008) (citations omitted). "The concept of adverse legal interests requires that there be a dispute as to a legal right, such as an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring, if not for the fact that the declaratory plaintiff had preempted it." *Creative Compounds*, 651 F.3d at 1316.

A covenant not to sue for patent infringement may divest the trial court of subject matter jurisdiction over claims that a patent is invalid when the covenant eliminates any case or controversy between the parties. *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed Cir. 2010) ("[A] covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties."). But not every covenant not to sue has such an effect. "Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009).

Londerville's main contention is that the covenant not to sue is not broad enough to eliminate the controversy between the parties because it does not cover Londerville's customers. Londerville points to the fact that it has already lost two of its customers after they were added to this case by GLM who thereafter consented to judgment in favor of GLM. In addition, Londerville's Operations Manager stated that "at least a handful" of customers have expressed a concern about potential lawsuits, that at least fifteen customers that previously purchased one or both of the allegedly infringing products from Londerville have not made subsequent purchases since the onset of this lawsuit, and that at least fifteen potential customers who were provided quotes for one or both of the allegedly infringing products by Londerville after this lawsuit began have not purchased those products. Aff. of Zane Roberts, ¶¶ 4–6, ECF No. 56.

GLM cites several Federal Circuit cases holding that an economic injury absent a legal interest is not sufficient to grant standing. "'Without an underlying legal cause of action, any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction.'" *Creative Compounds*, 651 F.3d at 1316 (quoting *Microchip Tech. Inc. v. Chamberlain Grp., Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006)). "While economic injury may confer standing in cases challenging government action, we have not held that economic injury alone is sufficient to confer standing in patent cases seeking a declaratory judgment." *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1374 (Fed Cir. 2011). "*MedImmune* did not abandon this rule. To the contrary, *MedImmune* adopted an 'adverse legal interest' requirement." *Id.*

Here, Londerville's interest would seem to be no greater than the economic interest that have been found insufficient to confer standing. The covenant not to sue GLM has executed prevents

GLM from asserting any infringement claim arising from the patents-in-suit against Londerville "based on past or future infringement by any existing or future product made, used, sold, offered for sale, or imported by Londerville." Pl.'s Mot. to Dismiss at 3–4, ECF No. 53. Although GLM has involved two of Londerville's customers in this case, Londerville does not cite any agreement under which it is obligated to indemnity its customers. Like the declaratory judgment plaintiff in *Creative Compounds, LLC v. Starmark Laboratories*, given the "absence of an indemnity agreement" between Londerville and its customers, Londerville would seem to have "at most, only an economic interest in clarifying its customers' rights" under GLM's patents. 651 F.3d at 1316.

This court addressed a similar issue in *WS Packaging Group, Inc. v. Global Commerce Group, LLC*, 505 F. Supp. 2d 561 (E.D. Wis. 2007). Although Londerville does not point to any obligation it might have to indemnify its customers, the court noted in *WS Packaging* that such an obligation may arise under Wisconsin law:

> By virtue of Wisconsin's adoption of the UCC, a [seller's] customer without an indemnification contract could nevertheless hold [the seller] liable for infringement if [a patent holder] decided to bring suit against that customer. *See* Wis. Stat. § 402.312(3) ("Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the good shall be delivered free of the rightful claim of any 3rd person by way of infringement or the like . . . .").

*Id.* at 566. The court also noted in *WS Packaging* that "[b]eyond the injury that might arise from having to indemnify its customers, [the seller] faces the loss of its customer base and reputation in these circumstances." *Id.* To be sure, unlike the defendant in *WS Packaging*, Londerville does not assert that GLM has a "habit of threatening to sue (or actually suing) the customers of allegedly infringing vendors or manufacturers, presumably as a means of pressuring the parties to cease their activities or sign a license agreement." *Id*. GLM sued two of Londerville's customers in this case

5

in response to Londerville's defense that it did not directly infringe. That said, however, GLM has already obtained two consent judgments against two of Londerville's customers, and the looming threat of a lawsuit hanging over Londerville's customers like the sword of Damocles has resulted in the diminishment of Londerville's customer base and made others weary of purchasing its products that allegedly infringe GLM's patents. *See* Aff. of Zane Roberts, ¶¶ 4–8, ECF No. 56.

Notwithstanding these considerations, however, I conclude that this is not a case that should continue. "Declaratory judgment is a remedy committed to judicial discretion." *A. L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324, 331 (1961); *see also Allstate Ins. Co. v. Charneski*, 286 F.2d 238, 244 (7th Cir. 1960) (Declaratory relief under the federal act is "expressly discretionary. Such relief is permissive and not absolute."). Indeed, "even where a case presents an actual controversy, a court may refuse to grant declaratory relief for prudential reasons." *Alcan Aluminium Ltd. v. Oregon Dept. of Revenue*, 724 F.3d 1294, 1298 (7th Cir. 1984) (citing *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1217 (7th Cir. 1980)).

In this case, the patent at issue is due to expire within the next year. Thus, whatever threat Londerville's customers might face is due to disappear likely before a final determination as to infringement or validity of the patents-in-suit would be reached. Even in the short term, Londerville can alleviate any concerns its customers may have in buying its products by expressly agreeing to indemnify them for any liability they could incur to GLM for infringement. Given GLM's determination not to pursue the current action, it seems unlikely that it would take further action against Londerville's customers. Londerville's hope to ultimately prevail and obtain costs and actual

attorneys' fees is not enough to justify the judicial resources continuation of the case would require. Under these circumstances, it seems prudent, even assuming a justiciable controversy remains, to dismiss Londerville's claim for declaratory relief.

## CONCLUSION

For the foregoing reasons, GLM's motion to dismiss (ECF No. 53) is **GRANTED**. GLM's claims are dismissed with prejudice, and Londerville's claims for declaratory relief are dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED** this  2nd  day of November, 2018.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court